NOT DESIGNATED FOR PUBLICATION

No. 118,399

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT J. ATHERTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed August 24, 2018.
Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

PER CURIAM: Robert Atherton appeals the district court's revocation of his probation and its order that he serve his underlying prison sentence. Atherton claims the district court abused its discretion by revoking his probation and that the district court erred in using his prior convictions to enhance his sentence. Finding no abuse or error by the district court, we affirm.

In February 2015, Robert Atherton pled guilty to aggravated assault, a severity level 7 person felony, and unlawful discharge of a firearm in a city, a class B

1

misdemeanor. In April 2015, the district court sentenced Atherton to 31 months in prison but granted his dispositional departure motion and placed him on probation from that sentence for 24 months.

Atherton committed his first probation violation 11 days after being sentenced. At a probation violation hearing in November 2015, he admitted to 10 violations: testing positive for methamphetamine, failing to report for meetings with his supervisor on multiple occasions, failing to attend treatment sessions, and failing to gain employment. The district court imposed a 2-day "quick dip" jail sanction, extended his probation for an additional 24 months, and added the requirement that Atherton complete a residential community corrections program followed by a term in the Oxford house, a sober living environment.

Approximately a year and a half later, Atherton admitted to again violating his probation terms after testing positive for methamphetamine, failing to notify his supervisor of a change in employment status, failing to attend anger management classes, and consuming substances for which he did not have a prescription. As a result of these violations, the district court imposed a 180-day prison sanction and extended his probation for an additional 12 months. The district court also added the requirement that Atherton obtain a new drug/alcohol evaluation and complete a sober living environment program. The district court warned Atherton that this would be the last sanction and the next violation would result in revocation.

Atherton violated his probation a third time by testing positive for amphetamines, and, at his probation violation hearing on July 27, 2017, the district court revoked his probation and imposed the underlying prison sentence, noting that probation had been ineffective in terms of helping Atherton stay sober.

On appeal, Atherton contends that the district court abused its discretion in revoking his probation because the district court did not give him an opportunity to receive inpatient treatment to address his drug problem and that incarceration will prevent him from getting the treatment he needs. However, Atherton admitted to violating his probation for the third time when he tested positive for amphetamines, and once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716. Atherton bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716(b)(3)(A) requires the district court to impose intermediate sanctions before revoking an offender's probation. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2- or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may, among other actions, revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

Here, it is undisputed that Atherton received the required intermediate sanctions prior to his probation being revoked. Accordingly, the district court had the discretion to revoke Atherson's probation and order that he serve his underlying prison sentence. While it is to Atherton's credit that he remained sober for a year and a half after his first probation violation hearing, he relapsed and was specifically warned by the district court

3

that the next probation violation would result in the revocation of his probation. Despite this clear and specific warning, Atherton admitted to violating his probation a third time by using amphetamines. Given the record before us, Atherton fails to persuade us that *no* reasonable person would have taken the view of the district court. Therefore, the district court did not abuse its discretion in revoking Atherton's probation and ordering him to serve his original prison sentence.

Finally, for the first time on appeal, Atherton also argues his sentence is illegal because it was improperly enhanced due to the district court increasing his criminal history score by considering his criminal history which had not been proven to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Atherton acknowledges that he did not object to this issue at sentencing but argues that Kansas courts have exercised appellate jurisdiction over claims regarding the constitutionality of using one's criminal history score in sentencing.

Because Atherton never timely appealed his sentence after it was imposed, we question whether we have jurisdiction over this issue. Under K.S.A. 2017 Supp. 22-3608(c), a defendant has 14 days after judgment to appeal from the district court's decision. Atherton was originally sentenced on April 10, 2015, but did not file this appeal until August 2, 2017. Atherton's appeal is untimely as to the sentencing challenge because Atherton did not claim an exception to the general 14-day rule. See *State v. Deal-Schwanz*, No. 109,592, 2013 WL 5975642, at *2 (Kan. App. 2013) (unpublished opinion). But even assuming Atherton had timely appealed his sentence, the Kansas Supreme Court has rejected his argument, and we are duty bound to follow it. See *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002) (use of criminal history to enhance sentence not unconstitutional); *State v. Morton*, 38 Kan. App. 2d 967, 978-79, 174 P.3d 904 (Court of Appeals duty bound to follow Supreme Court precedent), *rev. denied* 286 Kan. 1184 (2008).

4

Affirmed.